IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| TRACY ROBBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CCB-00-1515 |
| | ) (Magistrate Judge Charles B. Day) |
| ERNEST ANACKER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF JUDGMENT

Before the Court is Plaintiff's Motion for Relief from Order of Judgment (Docket Item No. 32). The Court has reviewed Plaintiff's Motion and the opposition and response thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby DENIES Plaintiff's Motion.

Plaintiff alleges that this Court made a clerical error or mistake in the entry of judgment against Defendant Ernest Anacker ("Anacker") solely. The judgment amount was $85,107.53. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") was not named in the Order of Judgment. Plaintiff argues that, according to a stipulation signed by the parties and agreed to by the Court, the judgment amount should have been against Defendant State Farm as well as Defendant Anacker. Plaintiff asserts that the correct judgment should have been against Defendant Anacker for $25,000.00 and against Defendant State Farm for $60,107.53. Additionally Plaintiff asserts that the costs awarded to Plaintiff should also be assessed against Defendant State Farm. The Court disagrees with Plaintiff's analysis.



## I. **Procedural History**

The original Complaint was filed on May 24, 2000. An Amended Complaint was filed on June 6, 2000. Both of those Complaints named State Farm and Ernest Anacker as joint defendants. A Stipulation (Docket Item No. 17) was approved and ordered by the Court on August 2, 2001. The Stipulation stated, *inter alia*, that Defendant State Farm agreed to be bound by the final judgment and waived its right to actively participate in any further proceedings. A jury trial was held on December 18-20, 2001. The jury returned a verdict in favor of Plaintiff Tracy Robbison. The Court issued an Order of Judgment on December 21, 2001 in the amount of $85,107.53 against Defendant Anacker solely. Defendant State Farm was not mentioned in the Order of Judgment.

## II. **Analysis**

Plaintiff correctly states that the lawsuit was filed against both Defendants–Ernest Anacker and State Farm. Plaintiff also correctly states that: (1) counsel Cyrus Picken, Jr. would represent the interests of both Defendants; (2) Count I of the Complaint was against Defendant Anacker; (3) Count II of the Complaint was against Defendant State Farm for the underinsured claims; and (4) there was a request that State Farm not be mentioned as a party defendant during the trial. However, Plaintiff's assertion that judgment should have been issued against both Anacker and State Farm is belied by the Stipulation. The Stipulation that was agreed to by the parties and approved and ordered by the Court is clear. It states that "[i]f Defendant Ernest Anacker is found liable to the Plaintiff and there is a final judgment (after all post trial motions and appeals have been resolved)," then, *inter alia*, "State Farm agrees to be bound by any final judgment entered, subject to the terms of the stipulation." This language clearly indicates that the judgment should be against Defendant Anacker only and that the only time State Farm will

be involved in the judgment is after all post-trial motions and appeals have been resolved. That time is not yet reached. Only after there is a final judgment, and any potential appeal exhausted, will Plaintiff be entitled to an order entering final judgment against Defendant State Farm. At that time, if there is still a valid judgment against Defendant Anacker, the other provisions of the Stipulation will go into effect and the amounts will be allocated between Defendants State Farm and Anacker.

### III. Conclusion

Based on the foregoing, Plaintiff's Motion for Relief from Order of Judgment is DENIED.

_____
Charles B. Day
United States Magistrate Judge

February 13, 2002

CBD/mgs

Copies to:

Marvin Liss, Esq.
5301 Wisconsin Avenue, NW
Chevy Chase Plaza, Suite 640
Washington, DC 20015

Cyrus S. Picken, Jr., Esq.
4200 Parliament Place
Suite 204
Lanham, MD 20706

Allan A. Noble, Esq.
7201 Wisconsin Avenue
Suite 600
Bethesda, MD 20814